# SUPREME JUDICIAL COURT.

#### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1857, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

## Commonwealth *vs.* Henry Murphy.

Upon the trial of an indictment on *St.* 1855, *c.* 215, §§ 15, 17, for selling intoxicating liquors "without having any license, appointment or authority therefor," the Commonwealth need not prove that the defendant did not when that statute took effect own the liquors sold by him.

The fifteenth and seventeenth sections of the *St.* 1855, *c.* 215, are constitutional and valid.

The refusal of the judge presiding at a criminal trial to allow the defendant's counsel to read to the jury an adjudication by the highest court of another state that a statute like that upon which this prosecution is founded is contrary to the constitution of that state is no ground of exception.

Indictment on *St.* 1855, *c.* 215, §§ 15, 17, for selling intoxicating liquors " without having any license, appointment or authority therefor." At the trial in the court of common pleas

VOL. X.                    1

before *Perkins*, J. there was evidence that the defendant sold intoxicating liquors as alleged, but no evidence whether he did or did not own those liquors at the time of the passage of the statute upon which he was indicted. The defendant requested the judge to rule :

" 1st. That the law of 1855, prohibiting the sale of spirituous and intoxicating liquors, so far as it applies to liquor which at the time of its enactment was in the hands of the defendant as his property, is unconstitutional and void.

" 2d. That the government in order to obtain a conviction under this indictment must allege and show that the liquor sold by the defendant was not lawfully his property at the time of the enactment of said. statute.

" 3d. That the legislature has no authority to deprive an individual of property, and the right of sale and other rights which attach to it, except in the manner provided by the Constitution, viz. by making a proper compensation."

But the judge ruled that the law was constitutional so far as the present indictment was concerned, notwithstanding these objections.

The defendant offered to show that the highest court of judicature of the State of New York had decided a law precisely like this statute of 1855 to be unconstitutional, and in contravention of the principles of the common law of the land, by introducing and reading to the jury the third volume of Kernan's New York Reports, which, as the attorney for the Commonwealth admitted, contained the decisions of said court. [ *Wynehamer* v. *People*, 3 Kernan, 378.] But the judge refused to permit it to be read to the jury.

The defendant being convicted, alleged exceptions.

*W. D. Northend & G. F. Choate*, (*E. W. Kimball* with them,) for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

SHAW, C. J. This is an indictment on the 15th and 17th sections of the liquor law of 1855.

1. The defendant contended that so far as the offence charged consisted of selling liquor which the defendant owned before

the statute of 1855, it was unconstitutional and void; and that the burden of proof was on the prosecution to prove that the liquor sold was not so owned by the defendant at the time the law took effect. The court declined. We think the refusal was right. The indictment charged that the defendant sold liquor " without any license, appointment or authority therefor." Upon this it has been repeatedly held, that if the defendant had any authority, it was matter of defence, and the burden of proof was on him. *Commonwealth* v. *Ryan*, 9 Gray, 139, and cases there cited.

Besides, the direction asked for was founded on a hypothetical case, without any proof. If it would be a good defence, the defendant must prove or offer to show that he did so own it; whether this would be a good defence we give no opinion, because no such offer was made.

2. The court therefore was right in ruling that the law in the 15th and 17th sections was constitutional. In fact these are little more than the reënactment of provisions long in force.

3. Another exception is that the judge prohibited the counsel for the defendant from reading an adjudication of the court of appeals of the State of New York, declaring a statute of somewhat similar character unconstitutional and void. This was purely a local decision, on a different constitution, a different statute, and all merely local, of no force here. Without laying down any general rule respecting the reading of books on a trial, the court are of opinion that this was rightly rejected.

*Exceptions overruled.*